# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| RANDY SIMMONS, | : |
| Plaintiff | : |
| VS. | : |
| Sergeant FOSTER, Lieutenant PUCKETT, Deputy Warden GREGORY McLAUGHLIN, Lieutenant DAVIS, Chief Counselor DANNY WATERS, Warden DARRELL HART, Deputy Warden TED PHILBIN, Chief Counselor CAREY BURNES, Counselor HUMPHRIES, and Sergeant TRUSS, | : |
| Defendants | : NO. 7:07-CV-36 (HL) |
| | **RECOMMENDATION** |

Plaintiff **RANDY SIMMONS** has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of

1

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting **Hishon v. King & Spalding**, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff alleges that he was exposed to hazardous chemicals while he was confined at Valdosta State Prison, which caused him to suffer headaches, dizziness, blurred/double vision, and future health problems. Plaintiff filed several grievances regarding the exposure. His primary complaint against the various defendants, however, is that they retaliated against him for filing the grievances. Plaintiff argues that such retaliation included issuing to plaintiff a false disciplinary report, placing him in segregation for 28 days, and denying him due process in his resulting disciplinary hearing.

Plaintiff seeks monetary relief against the following defendants: (1) Deputy Warden Gregory

McLaughlin; (2) Sergeant Foster; (3) Lieutenant Puckett; (4) Lieutenant Davis; (5) Chief Counselor Danny Waters; (6) Warden Darrell Hart; (7) Deputy Warden Ted Philbin; (8) Chief Counselor Carey Burnes; (9) Counselor Humphries; and (10) Sergeant Truss. Each of plaintiff's claims relating to specific defendants is discussed below.

## III. DISCUSSION

### A. *Defendant Truss*

It is unclear why plaintiff names as a defendant Sergeant Truss, as he asserts no allegations against him to show how he was involved in his claims. The complaint against Truss should therefore be **DISMISSED**. It is so **RECOMMENDED**.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### B. *Defendants Hart, Philbin, Burnes, and Humphries*

Plaintiff's only allegation against these defendants is that they handled his grievances for wrongful exposure to chemicals. Merely "filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied." *Owens v. Leavins,* 2006 WL 1313192, at *2 (N.D. Fla. May 12, 2006). Plaintiff makes no allegation that these defendants were responsible for the wrongful exposure to chemicals that allegedly occurred on November 28, 2006. Moreover, the Eleventh Circuit has held that a prisoner does not have a constitutionally-protected liberty interest

in an inmate grievance procedure.. *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).

To the extent plaintiff claims these defendants' conduct is part of a conspiracy to retaliate against him, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough simply to allege in the complaint that a conspiracy existed. Plaintiff has alleged absolutely no facts to support his claim of conspiracy to retaliate on the part of these defendants.

Accordingly, it is **RECOMMENDED** that defendants Warden Darrell Hart, Deputy Warden Ted Philbin, Chief Counselor Carey Burnes, and Counselor Humphries be **DISMISSED** from this action.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

### C. *Defendants Foster and Puckett*

Plaintiff alleges that on November 28, 2006, defendants Sergeant Foster and Lieutenant Puckett locked plaintiff inside his cell "for hours while other prisoners stripped old wax off the dayroom area floors." Plaintiff has alleged that he suffered health problems as a result of this exposure. Although this Court has serious reservations as to the validity of plaintiff's allegations,

4

construing them most favorably to plaintiff, the Court will allow plaintiff's claim against defendants Sergeant Foster and Lieutenant Puckett to go forward.

### *D. Defendants McLaughlin, Davis, and Waters*

Plaintiff makes specific allegations of retaliation by defendants Deputy Warden Gregory McLaughlin, Lieutenant Davis, and Chief Counselor Danny Waters, which appear to be supported by a chronology of events. Such allegations include issuance of a false disciplinary report, placement of plaintiff in segregation, and denial of due process in plaintiff's resulting disciplinary hearing. Once again, construing the action most favorably to plaintiff, as the Court must do at this juncture, the Court will allow the complaint to go forward against defendants McLaughlin, Davis, and Waters.

## *VI. CONCLUSION*

In a separate order, the undersigned has directed that plaintiff's lawsuit go forward against defendants Foster, Puckett, McLaughlin, Davis, and Waters. The undersigned **RECOMMENDS** that all other claims and defendants be **DISMISSED** from this action.

**SO RECOMMENDED**, this 5th day of December, 2007.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE