IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RANDY SIMMONS, | : | |
| Plaintiff | : | |
| VS. | : | 7 : 07-CV-36 (HL) |
| SERGEANT FOSTER, et al., | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 are the defendants' Motion to Dismiss and Motion to Stay. The plaintiff filed this action in April 2007, challenging certain conditions of confinement at Valdosta State Prison. The defendants allege that the plaintiff's claims for injunctive relief are moot and that his claims for monetary damages are barred by the Eleventh Amendment and the Prison Litigation Reform Act ("PLRA").

The plaintiff maintains that on November 28, 2006, he was exposed to hazardous chemicals being applied to prison floors without proper precautions or protections in place. He further alleges that he filed informal and formal grievances regarding this exposure, and as a result received a disciplinary report, ordered by defendant McLaughlin as a form of retaliation. The plaintiff alleges that although other inmates were allowed to remain outdoors during the application of wax-stripping chemicals on November 28, 2006, he was among a group that defendant correctional officers Puckett and Foster locked in their cells for approximately four (4) hours during the stripping process. Plaintiff asserts that he suffered headaches, dizziness, blurred vision and an upset stomach as a result of this chemical exposure.

*Discussion*

The defendants' motion to dismiss can be granted only if Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986).

Initially, the defendants point to a copy of plaintiff's formal grievance, which plaintiff attached to his complaint, in which the Warden's response indicates that "[a]ccording to the information obtained, inmates using chemicals were supplied with gloves and masks. The fans and windows were utilized to ventilate area. However, chemicals were left on wall paint strip [sic], and Sgt. Truss corrected this after being notified of problem." The defendants assert that this "evidence submitted by Plaintiff demonstrates that Defendants took steps to ventilate the area to minimize the discomfort to inmates." Defendant's Brief, Doc. 25-2 p. 5. They argue that the plaintiff has thus failed to allege a condition that rises to the level of an Eighth Amendment violation and has failed to show that they acted with deliberate indifference to plaintiff's health and safety.

However, under the standard of review governing the Motion to Dismiss presently before the court, the undersigned cannot say that there is no set of facts which the plaintiff might prove and upon which he might prevail as to his deliberate indifference claims. Despite the grievance forms attached to plaintiff's complaint that mention certain ventilation measures taken by correction officials, it remains unclear where, when, and to what extent this ventilation took place, how much time passed before the "chemicals [] left on wall paint strip" situation was

2

corrected, and the extent and nature of plaintiff's actual exposure to the chemicals.

In regard to plaintiff's claims of retaliation, defendants argue that plaintiff has failed to set out sufficient facts to show a connection between their actions and a retaliatory motive. It is well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable. *Wildberger v. Bracknell,* 869 F.2d 1467, 1468 (11th Cir. 1989). Allegations that prison officials' actions were taken in retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights.*" Wright v. Newsome*, 795 F.2d 964, 968 (11th Cir. 1986).

The court notes as well that "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." *Boxer X v. Harris*, 437 F.3d 1107, 1112 (11th Cir. 2006). "The gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Thomas v. Evans*, 880 F.2d 1235 (11th Cir. 1989).

Once a plaintiff's claim reaches the summary judgment stage, a plaintiff bringing a retaliation claim must provide more than conclusory allegations of the defendant's retaliatory motive in order to survive the defendant's properly supported summary judgment motion. *McCain v. Scott*, 9 F. Supp.2d 1365, 1370 (N.D.Ga. 1998). In order to establish his claim of retaliation, the plaintiff must show that he was engaged in protected conduct, which conduct was a substantial or motivating factor in the retaliatory action. *Mt. Healthy City School Dist. v. Doyle*, 97 S. Ct. 568, 576 (1977). "The inmate must produce direct evidence of motivation or,

the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). Although a plaintiff bringing a claim based on an official's improper motive need not adduce clear and convincing evidence of said motive to defeat a summary judgment motion, the plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." *Crawford-El v. Britton*, 118 S. Ct. 1584, 1598 (1998). Although the plaintiff's claims of retaliatory discipline may ultimately fail against a properly support summary judgment motion, at this stage of the proceedings, reviewing the defendants' Motion to Dismiss, the court cannot conclude that Plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." "A motion to dismiss does not test whether the plaintiff will prevail on the merits of the case; it tests the legal sufficiency of the complaint." *Gantt v. City of Forsyth*, 2007 WL 2986406 (M.D.Ga.) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Monetary damages*

The defendants also argue that the plaintiff cannot recover compensatory damages on his retaliation claim since he failed to allege a physical injury resulting from the alleged retaliation. Section 1997e(e) of the PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

The defendants also contend that plaintiff's claims regarding his exposure to dangerous fumes do not contain allegations of anything more than *de minimis* injuries, and therefore must

be dismissed. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002).

In regard to the plaintiff's retaliation and deliberate indifference claims, it appears that § 1997e(e) is largely inapplicable. Section 1997e(e) clearly applies only to prisoner claims *for mental or emotional injury suffered while in custody*. (emphasis added). In his claim for damages, the plaintiff asks for "[c]ompensatory Damages $95,750 for mental, emotional and physical sufferings against each defendant". Doc. 2, p. 12. To the extent that the plaintiff seeks compensatory damages for mental or emotional injury, § 1997e(e) bars such recovery, absent a showing of more than *de minimis* physical injury. However, neither the plaintiff's retaliation claim nor his claim that defendants were deliberately indifferent to his exposure to dangerous chemicals fall into the category of claims seeking recovery solely for mental or emotional injury, and the plaintiff does not mention or detail such injuries in the body of his complaint. *See Hawkinson v. Montoya*, 479 F. Supp. 2d 1164, 1169 (D. Co. 2007) (finding that plaintiff's claim for denial of access to the courts did not fall into category of claims for "mental or emotional injury suffered while in custody" and plaintiff need not allege or make a showing of prior physical injury); *cf. Boxer X v. Donald*, 169 Fed.Appx. 555, 558 (11th Cir. 2006) ("Boxer's claims for compensatory relief are all framed as mental and emotional injury, and he did not allege physical injury. Thus, under the PLRA, Boxer is not entitled to compensatory relief."). The court notes as well that "the PLRA's limitation on compensatory relief does not necessarily limit other forms of monetary relief. For example, 'nominal damages are appropriate if a

plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.'" *Id.*

*Qualified immunity*

In regard to the defendants' argument that they are entitled to qualified immunity, the court cannot say at this juncture that the plaintiff can prove no set of facts in support of his claims of deliberate indifference and retaliation that would entitle him to relief. "Under the qualified immunity defense, defendant[s] are immune from liability and even from trial if plaintiff's complaint fails to state a violation of 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The defendants, who assert the defense of qualified immunity in the context of a Rule 12(b)(6) motion to dismiss, "'are entitled to qualified immunity at this stage in the proceedings if [Plaintiff's] complaint fails to allege a violation of a clearly established constitutional right.'" *Santamorena v. Georgia Military College*, 147 F.2d 1337, 1340 (11th Cir. 1998) (quoting *Williams v. Alabama State Univ.*, 102 F.3d 1179, 1182 (11th Cir. 1997)).

As set out by the Supreme Court in *Saucier v. Katz*, 121 S. Ct. 2151 (2001), "the first inquiry [in a qualified immunity analysis] must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered". *Id.* at 2155. The first portion of this inquiry requires that the court ask whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Id.* at 2156. If the answer to this question is yes, then the next portion of the inquiry

6

requires the court to ask whether the defendants' actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 102 S. Ct. 2727 (1982).

"For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent.'". *Hope v. Pelzer*, 122 S. Ct. 2508, 2515 (2002) (quoting *Anderson v. Creighton*, 107 S. Ct. 3043 (1987)). "[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances. . . Accordingly, . . . the salient question . . . is whether the state of the law [at the time of the events giving rise to the cause of action] gave [the defendants] fair warning that their [actions were] unconstitutional." Id. at 2516.

In the context of the defense of qualified immunity asserted on a 12(b)(6) motion to dismiss, there must be a failure by the plaintiff to set forth a clearly established constitutional violation in order for the protection of qualified immunity to attach. Plaintiff's complaint clearly sets forth such violations, to wit, deliberate indifference to a serious exposure to harm and retaliation. In the context of the standard governing motions to dismiss, it remains possible for the plaintiff to prove that the defendants acted with deliberate indifference to a harmful condition, and that the defendants' actions in punishing the plaintiff were substantially motivated by the plaintiff's filing of previous grievances. Although the result may be different on a motion for summary judgment, the standard governing motions to dismiss will not allow the conclusion

at this point in the proceedings "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." *Conley*, 355 U.S. at 45-46 ; *Jackam*, 800 F.2d at 1579.

*Eleventh Amendment immunity*

The defendants also argue that plaintiff's claims for money damages brought against the defendants in their official capacities are barred by the Eleventh Amendment. A suit brought against these defendants in their official capacities is in reality a suit against the state and as such is not cognizable under § 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989). Accordingly, it is the recommendation of the undersigned that defendants' Motion to Dismiss be **GRANTED** in regard to plaintiff's claims for money damages brought against the defendants in their official capacities.

*Injunctive relief*

Finally, the defendants argue that the plaintiff's claims for injunctive relief have been rendered moot by his transfer to another facility. In his complaint, the plaintiff seeks injunctive relief in the form of an order "compelling the defendants to stop all present and future acts of reprisals". Inasmuch as the plaintiff is no longer housed at Valdosta State Prison and is presently housed at Hays State Prison, his claims for injunctive relief against Valdosta State Prison officials have been rendered moot and it is hereby recommended that these claims be **DISMISSED**.

Accordingly, it is the recommendation of the undersigned that defendants' Motion to

Dismiss be **GRANTED IN PART and DENIED IN PART**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

*Motion to Stay*

Defendants' Motion to Stay proceedings herein pending the resolution of their Motion to Dismiss is hereby **DENIED** as moot.

*Miscellaneous motions*

Plaintiff's Motion to Amend and Motion for Extension of time to file a response to the defendants' Motion to Dismiss are **DENIED** as moot; the court notes that the plaintiff subsequently filed a response to the defendants' motion to dismiss.

**SO ORDERED AND RECOMMENDED**, this 15th day of July, 2008.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE