# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **RANDY SIMMONS,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:07-cv-36(HL) |
| **SERGEANT FOSTER, et al.,** et al., | : |
| Defendants. | : |

# ORDER

This matter is before the Court on the Recommendation of United States Magistrate Judge Richard Hodge, entered July 15, 2008 (Doc. 35), in which the Magistrate Judge recommends that the Motion to Dismiss of Defendants Sergeant Foster, Lieutenant Puckett, Deputy Warden McLaughlin, Lieutenant Davis and Chief Counselor Danny Waters (Doc. 25) be granted, in part, and denied in part. All parties have filed objections to the Recommendation, as permitted by 28 U.S.C. § 636(b)(1).[1] After giving de novo consideration to those portions of the Recommendation to which objection is made, the Court accepts the Recommendation as modified below.

## Background

Plaintiff, Randy Simmons, brought suit in this Court on April 11, 2007. He alleges that in November of 2006 he was forced to remain in his prison cell for four

---

[1] Plaintiff has actually filed a document styled "Motion for Reconsideration"(Doc. 38), which the Court will treat as objections.

hours while wax was stripped from the prison floors and, as a result, he was exposed to hazardous chemicals. Simmons contends he suffered various physical ailments as a result of his exposure to the chemicals. He further alleges that as a result of his exposure to chemicals, he filed an informal grievance on November 28, 2006, detailing his exposure to chemicals. He followed his informal grievance with a formal grievance on December 7, 2006. He appealed the results of his grievances on January 9, 2007.

Simmons maintains that as a result of his filing of grievances related to his exposure to chemicals, he was subjected to retaliatory conduct. Specifically, he contends that on January 19, 2007, a disciplinary report was made against him for having excessive paper materials in his cell. He was then placed in segregation for 28 days, as a result of which he was deprived of the opportunity to challenge the charges made against him in the disciplinary report. He contends, among other things, that the writing of the disciplinary report and forced segregation were taken by Defendants in retaliation for his filing of grievances. He contends the conduct served to limit him in his exercise of free speech, and that he was deprived of his due process rights as a result of the manner in which the disciplinary action against him was handled. Simmons' complaint can thus be divided into two components: an Eighth Amendment claim for injury resulting from the exposure to chemicals and a First Amendment claim arising from the retaliation related to his filing of grievances. In his claim for relief, Simmons seeks injunctive relief, as well as compensatory damages for mental, emotional, and physical injury, and punitive damages. Simmons did not make a specific request for nominal damages.

After Simmons filed his complaint, the Magistrate Judge conducted an initial review, following which various Defendants were dismissed, leaving Sergeant Foster, Lieutenant Puckett, Deputy Warden Gregory McLaughlin, Lieutenant Davis, and Chief Counselor Danny Waters as Defendants. These Defendants moved for dismissal of all claims by motion filed February 7, 2008. Defendants first argued that the Court should find as a matter of law that Simmons failed to allege an Eighth Amendment violation. Defendants also argued that the Court should find as a matter of law that Simmons failed to show a causal connection between the alleged retaliatory conduct and his constitutionally protected activity, namely the filing of grievances. Finally, Defendants argued that Simmons would not be entitled to recover money damages because such damages are (a) barred by the Prison Litigation Reform Act (PLRA) as codified at 42 U.S.C. § 1997e(e); (b) barred by the Eleventh Amendment; and (c) barred by the doctrine of qualified immunity.

Recognizing that the standard a plaintiff must meet to survive a motion to dismiss is significantly less than that he might bear at the summary judgment stage, the Magistrate Judge recommended that the Motion to Dismiss be denied as to all but a few claims. The Magistrate Judge granted the Motion to Dismiss with regard to Simmons' claims for money damages against Defendants in their official capacities, and further recommended that the Motion be granted as to Simmons' claims for injunctive relief, but as to all other claims, the Magistrate Judge recommended that the Motion to Dismiss be denied. Plaintiff and Defendants object to the Magistrate Judge's Recommendation. Plaintiff's objections are without merit. Defendants' objections are

discussed below.

## Discussion

In their objections, Defendants restate their argument that any claim by Simmons for compensatory damages is barred by 42 U.S.C. § 1997e(e). As to Simmons' claim for damages stemming from his exposure to chemicals, Defendants argue that Simmons has not alleged a physical injury sufficient to overcome the hurdle of 42 U.S.C. § 1997e(e), which requires prisoners to allege more than a de minimus physical injury. However, Simmons alleged that as a result of the exposure to the chemicals he "suffered with headaches, dizziness, blurred or double vision, upset stomach" and continues to suffer with headaches. (Compl. at 6.) Such injuries, if established by Simmons with credible evidence, would be more than de minimus. Thus, as the Magistrate Judge noted, the Court cannot say at the motion to dismiss stage that Simmons' allegations of injury from exposure to chemicals fails to state a claim for relief.

Defendants also challenge the Recommendation insofar is it allows Simmons' claims for retaliation to go forward, arguing that under the PLRA even a constitutional injury, such as the First Amendment violations alleged here, must be supported by an allegation of serious physical injury. As the Eleventh Circuit recently reconfirmed in Douglas v. Yates, 535 F.3d 1316, 2008 WL 2875804 (11th Cir. July 28, 2008), a prisoner may bring a claim for violation of his First Amendment rights where he can show that retaliatory conduct by prison officials had an adverse effect on constitutionally protected free speech. 535 F.3d at ____, 2008 WL 2875804, at *4.

The court also explained, however, that where the First Amendment claim is not accompanied by a showing of physical injury, it must be dismissed without prejudice to the right to refile at a time when the plaintiff is not confined. Id. at ____, 2008 WL 2875804, at *3. Defendants maintain that under this reasoning, Simmons' claim for retaliation must be dismissed without prejudice.

Since the enactment of the PLRA, numerous circuit courts have explicitly held that the physical injury limitation contained in § 1997e(e) "applies to claims in which a plaintiff alleges constitutional violations so that the plaintiff cannot recover damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury." Thompson v. Carter, 284 F.3d 411, 417 (2d Cir. 2002). *See also* Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001), and Davis v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998). *But, c.f.* Cannell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998) (holding that § 1997e(e) does not apply to First Amendment claims regardless of the form of relief sought). The majority of courts have thus concluded that the remedies available to incarcerated plaintiffs for constitutional injury are limited to damages for actual injury, injunctive and declarative relief, and nominal or punitive damages. Thompson, 284 F.3d at 419; Davis, 158 F.3d at 1346.

The decision in Douglas confirms that the Eleventh Circuit has taken the position held by the majority of courts with respect to § 1997e(e)'s limitation on constitutional injury and concluded that compensatory damages are not available for constitutional injuries absent a showing of physical harm. *See also* Slicker v. Jackson, 215 F.3d

5

1225, 1230 (11th Cir. 2000) (holding that compensatory damages in a § 1983 suit must "be based on actual injury caused by the defendant rather than on the 'abstract value' of the constitutional rights that may have been violated"); Hicks v. Ferrero, No. 07-15101, 2008 WL 2620192 (11th Cir. July 3, 2008) (citing to Slicker and concluding that prisoner could not recover compensatory damages on First Amendment retaliation claim where he failed to allege any physical injury, monetary loss, or other actual injury related to the retaliation claim).

In view of the foregoing authorities, therefore, Simmons is barred from bringing a claim for compensatory damages based on the constitutional injury allegedly sustained by him. Any such claims would not be dismissed with prejudice, however. Instead, they would be subject to dismissal without prejudice to his right to bring those claims when he is no longer confined to a prison facility. Douglas, 535 F. 3d at ____, 2008 WL 2875804, at *3.

Even though Simmons' claim for compensatory damages for retaliation is subject to dismissal, his retaliation claim is not subject to dismissal entirely. The Eleventh Circuit, like many other circuits, has concluded that injunctive relief and nominal damages are available to a plaintiff who establishes a constitutional violation, even though he cannot prove actual injury sufficient to entitle him to compensatory damages. Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003). Here, although Simmons' claims for injunctive relief have been rendered moot by his transfer to another prison facility, his First Amendment claim survives because of his right to seek nominal damages. Although nominal damages are not explicitly sought by Simmons in his pleadings, they

are implicit in his request for damages for his constitutional injury.  *See* Slicker, 215 F.3d at 1227 (holding that a § 1983 plaintiff whose constitutional rights are violated is entitled to receive nominal damages, even if he fails to produce any evidence of compensatory damages).  Therefore, the Magistrate Judge did not err in recommending that Defendants' Motion to Dismiss be denied as to the retaliation claims in their entirety.

## **Conclusion**

In sum, the Court finds that Simmons' claims for injunctive relief are moot, and that his claims for retaliation must be dismissed without prejudice insofar as he seeks compensatory damages without a showing of physical injury.  The Court further finds that Simmons' claims for deliberate indifference are supported by claims for physical injury, so as to avoid the bar of § 1997e(e), and are sufficiently pleaded to avoid dismissal.  Finally, the Court finds that Simmons has stated a claim for retaliation and he is entitled to seek nominal damages if he can substantiate his claim of a constitutional injury.  Therefore, the Court accepts the Recommendation except insofar as it suggests that Plaintiff may, while confined, pursue compensatory damages for a First Amendment injury where the constitutional injury is not accompanied by a physical injury.

In accordance with the foregoing, therefore, Defendants' Motion to Dismiss is granted as to Plaintiff's claim against Defendants in their official capacities and granted as to Plaintiff's claim for injunctive relief.  Defendants' Motion is also granted as to Plaintiff's claim for compensatory damages arising from his First Amendment claim for

7

retaliation and that claim is dismissed without prejudice but only as to that portion of the claim in which Plaintiff seeks compensatory damages. The Motion to Dismiss is otherwise denied.

**SO ORDERED**, this the 12th day of September, 2008.


                                            *s/ Hugh Lawson*
                                            **HUGH LAWSON, JUDGE**

mls