IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

RANDY SIMMONS,                          :
                                        :
            Plaintiff                   :
                                        :
                                        :
VS.                                     :        **7 : 07-CV-36 (HL)**
                                        :
SERGEANT FOSTER, et al.,                :
                                        :
                                        :
            Defendants.                 :
_____

## ORDER AND RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is the defendants' Motion for Summary Judgment and the plaintiff's Motion for an Extension of time in which to respond thereto.  The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.

Plaintiff filed his response to the defendants' Motion for Summary Judgment on the same day that he submitted his Motion for Extension of time, and the court will allow the plaintiff's response as filed.  Plaintiff's Motion for Extension is therefore **GRANTED**.

### *Background*

The plaintiff filed this action in April 2007, raising allegations that while he was confined at Valdosta State Prison, he was exposed to fumes and/or dust particles from wax stripping of the prison floors and was retaliated against by the defendants for the filing of grievances regarding the exposure.  Plaintiff argues that such retaliation included issuing plaintiff a false disciplinary report, placing him in segregation for 28 days, and denying him due process in his disciplinary

hearing.   Following the dismissal of certain claims and defendants, the claims remaining herein are 1) plaintiff's claim for compensatory damages against defendants Puckett and Foster arising from the wax stripping on November 28, 2006, and 2) plaintiff's claim for nominal damages against the defendants for the alleged retaliation.

***Standard of review***

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  The defendants have supported their motion for summary judgment with the plaintiff's deposition testimony, the affidavits of April Brown, Danny Waters, Sabrina Foster and Jimmy Davis, as well as certain prison standard operating procedures, portions of the

2

plaintiff's prison medical records, and disciplinary reports.

*Conditions of confinement*

In his complaint, the plaintiff alleges that on November 28, 2006, he was locked in his cell while officers stripped wax off the dayroom floors.  In their motion for summary judgment, the defendants point out that in his deposition testimony, the plaintiff admits that the wax stripping that took place on November 28, 2006, did not involve the use of any chemicals, that he was not locked in his cell but was inside the dorm building, and that he is unaware of who ordered the floor stripping and/or if defendants Puckett and Foster were even on duty that day.  Plaintiff's deposition testimony further reveals a second wax-stripping incident, on or about January 17, 2007, involving defendant Puckett, in which a chemical cleaner was used.  The plaintiff admits, however, that he never filed a grievance regarding this second incident.

The defendants "may be held liable under the Eighth Amendment for denying humane conditions of confinement only if [they know] that inmates face a substantial risk of serious harm and [disregard] that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 114 S.Ct. 1970,1984 (1994).  Thus, to establish an Eighth Amendment violation, and therefore survive the defendants' summary judgment motion, the plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  Additionally, "[i]n determining whether conditions of confinement are unconstitutional under the eighth amendment or the fourteenth amendment, we do not assay separately each of the institutional practices but look to the totality of conditions."  Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981).

In regard to the November 28, 2006, incident, the evidence establishes that no chemical wax stripper was used that day, that the plaintiff was in his dorm building and not locked in his cell, that he suffered no injury from this incident, and that he does not know if defendants Puckett and Foster were even working that day.  These facts, as established by plaintiff's deposition testimony, fail to establish that either defendant Puckett or Foster acted with deliberate indifference to the plaintiff's health and safety on the day in question.  In his unsworn response to the defendants' summary judgment motion, the plaintiff attempts to negate his deposition testimony, and states that the second incident of wax-stripping took place on December 7, 2006, rather than in January 2007 and raises some dispute with whether chemicals were in use with each wax stripping incident.  He states that he has "no tangible proof" regarding medical visits that allegedly followed these incidents.  He further attempts to place defendants Foster and Puckett in the role of supervisors who, although not necessarily present at the time of the incidents, directed that they take place.

"Supervisory personnel such as [defendants Foster and Puckett] cannot be held liable under section 1983 for the actions of their subordinates under a theory of respondeat superior." Adams v. Poag, 61 F.3d 1537,1544 (11th Cir. 1995).  The plaintiff has failed to allege or establish that these defendants either "personally participated in the acts comprising the alleged constitutional violation or instigated or adopted a policy that violated [his] constitutional rights." Id.  The plaintiff must allege and establish more than respondeat superior as a basis for the liability of these defendants.  In order to establish these defendants' liability as supervisors, the plaintiff must provide evidence of either his personal participation in the alleged deprivations or a causal connection between his policies or acts and the deprivations.  Hill v. DeKalb RYDC, 40

4

F.3d 1176, 1192 (11th Cir. 1994).  The plaintiff has simply failed to satisfy this burden.

In regard to wax stripping incidents occurring on January 17, 2007, the plaintiff admits in his deposition testimony that he did not file a grievance regarding this incident, and it therefore remains unexhausted.  The PLRA mandates that all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations must exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e (a).

*Retaliation*

Plaintiff also alleges that because he filed informal and formal grievances regarding the November 28, 2006, wax stripping incident, defendants McLaughlin, Davis and Waters issued a false disciplinary report against plaintiff, placed him in segregation, and denied him due process.

It is well established that discipline imposed in retaliation for a prisoner's exercise of a constitutionally protected right is actionable.  Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989).  Allegations that prison officials' actions were taken in retaliation for the filing of lawsuits or administrative grievances "bring[s] [such] actions that might not otherwise be offensive to the Constitution . . . within the scope of the Constitution . . . This type of retaliation violates both the inmate's right of access to the courts and the inmate's First Amendment rights."  Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986).  However, a plaintiff bringing a retaliation claim must provide more than conclusory allegations of the defendant's retaliatory motive in order to survive the defendant's properly supported summary judgment motion.  McCain v. Scott, 9 F. Supp.2d 1365, 1370 (N.D.Ga. 1998).

In order to establish his claim of retaliation, the plaintiff must show that he was engaged in protected conduct, which conduct was a substantial or motivating factor in the retaliatory action. Mt. Healthy City School Dist. v. Doyle, 97 S. Ct. 568, 576 (1977). "The inmate must produce direct evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

Herein, the defendants maintain that plaintiff was issued a disciplinary report ("DR") based on his failure to follow instructions regarding the stripping of wax from his cell floor, and that the issuance of the DR was not retaliatory. The defendants point to the plaintiff's deposition testimony, in which he admits that he and his roommate refused to comply with the order to strip the wax from their individual cell floors, that other inmates were given DR's for not stripping their floors and were all placed in segregation for insubordination. Affidavit testimony from Sabrina Foster, an officer at Valdosta State Prison, establishes that on January 19, 2007, the plaintiff and two other inmates were issued DR's based on their failure to strip the wax from their cell floors as instructed, and all three inmates were sentenced to confinement in segregation.

Foster further testifies that the issuance of plaintiff's DR was not motivated by retaliation. *See* Exhibit 4, doc. 44.

The plaintiff herein has failed to effectively refute the defendants' summary judgment showing and the contentions therein, evidencing that the plaintiff was issued a DR based on his failure to follow instructions. The plaintiff has failed to provide the court with any evidence beyond his conclusory allegations of retaliation. Although a plaintiff bringing a claim based on an official's improper motive need not adduce clear and convincing evidence of said motive to defeat a summary

6

judgment motion, the plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." <u>Crawford-El v. Britton</u>, 118 S. Ct. 1584, 1598 (1998).  This the plaintiff has failed to do.  In his unsworn response to the defendants' summary judgment motion, the plaintiff states that his retaliation claim is not proceeding against defendants Waters, Puckett or Davis.  Although plaintiff continues to maintain that defendant McLaughlin retaliated against him, the plaintiff has failed to provide any evidence to support his conclusory allegations in this regard.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 19th day of August, 2009.

/s/ ***Richard L. Hodge***
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

7