IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **RANDY SIMMONS,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. 7:07-cv-36(HL) |
| **SERGEANT FOSTER, et al.,** | : |
| Defendants. | : |

# ORDER

This matter is before the Court on Plaintiff Randy Simmons' Motion for Reconsideration (Doc. 55) of the Court's Order entered on September 17, 2009 granting summary judgment in favor of Defendants McLaughlin, Davis, Waters, Foster, and Puckett. Defendants have filed a response to Plaintiff's Motion (Doc. 56).

A review of Plaintiff's Motion shows that it is not a true motion for reconsideration, but instead is a second request that the Court consider Plaintiff's untimely objections to the Report and Recommendation (R & R) entered by Magistrate Judge Richard L. Hodge on August 19, 2009. Plaintiff currently has a Motion for Extension of Time (Doc. 54) pending before the Court in which he states that he did not receive the R & R until August 30, 2009, and requests additional time to file his objections to the R & R. Plaintiff attached his objections to the Motion for Extension of Time.

In the interests of justice, the Court has considered the arguments raised by Plaintiff in his objections to the R & R and has made a *de novo* review of the R & R.

**I.    Plaintiff's Allegations**

Plaintiff alleges that on November 28, 2006 and January 17, 2007, he was exposed to fumes and dust particles from wax stripping of the prison floors at Valdosta State Prison.  According to Plaintiff, Defendants Puckett and Foster were responsible for overseeing the wax stripping, and claims in his complaint that these Defendants locked him in his cell while the November wax stripping was done.  Plaintiff also alleges that he was retaliated against by Defendants McLaughlin, Davis, and Waters after filing a grievance regarding the November wax stripping.  He argues that the retaliation included issuing a false disciplinary report, placing him in segregation for 28 days, and denying him due process in his disciplinary hearing.

In his Statement of Undisputed Facts (Doc. 48), Plaintiff admits the following: (1)  he did not see either Defendant Foster or Defendant Puckett on November 28, 2006; (2) he has no proof of a visit to medical after the November 28, 2006 incident; and (3) Plaintiff was not locked in his cell on November 28, 2006.

**II.    Analysis**

    **A.    Deliberate Indifference**

In order to establish an Eighth Amendment claim against Defendants Foster and Puckett for deliberate indifference to a substantial risk of serious harm, Plaintiff must "produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citations omitted).

Plaintiff has not provided the Court with any evidence to support his claims that Defendants Foster and Puckett acted with deliberate indifference. Plaintiff has admitted that he did not see these Defendants on November 28, 2006, and that he was not locked in his cell on that day. Further, he has presented no evidence that these Defendants were aware of the stripping, approved the stripping, or were aware of Plaintiff's potential exposure to chemicals. Finally, he has presented no evidence that he was physically injured in any way as a result of the events of November 28, 2006.

To the extent Plaintiff argues that Defendants Foster and Puckett were supervisors who ordered the wax stripping, the Magistrate Judge was correct that Plaintiff must establish more than respondeat superior as the basis for the liability of these Defendants. Plaintiff has not produced any evidence of either their personal participation in the alleged unconstitutional activities or a causal connection between their policies or acts and the constitutional deprivation. Hill v. DeKalb Reg'l Youth Dev. Ctr., 40 F.3d 1176, 1192 (11th Cir. 1994). Thus, Plaintiff has failed to satisfy his burden of proof.

As for the events of January 17, 2007, the Magistrate Judge determined that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act because Plaintiff admittedly did not file a grievance relating to those events. Plaintiff does not challenge this ruling.

Plaintiff has produced nothing in his objection which persuades the Court that the Magistrate Judge's rulings relating to Defendants Foster and Puckett were incorrect.

Defendants Foster and Puckett are entitled to summary judgment on Plaintiff's Eighth Amendment deliberate indifference claims.

**B.     Retaliation**

"To state a retaliation claim, the commonly accepted formulation requires that a plaintiff must establish first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quotation marks and citation omitted).

There is no dispute that "First Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Id. (citation omitted).  Even so, Plaintiff is still required to present evidence that the alleged retaliatory acts were causally related to the constitutionally protected speech.  On November 28, 2006, Plaintiff filed an informal grievance relating to the first wax stripping.  He then filed a formal grievance on December 8, 2006.  The alleged retaliatory acts, however, did not take place until January 18, 2007.  Plaintiff has in no way connected his grievance activity with the disciplinary action that took place six or eight weeks later.  The Court is left with nothing but a conclusory statement of retaliation, which is insufficient to support a § 1983 claim.  See Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995).  Summary judgment in favor of Defendants McLaughlin, Davis, and Waters on Plaintiff's retaliation claim is appropriate.

### III.    Conclusion

As discussed *supra*, Plaintiff's objection is without merit.  Summary judgment was properly granted to the Defendants.  Plaintiff's Motion for Extension of Time (Doc. 54) is granted.  Plaintiff's Motion for Reconsideration (Doc. 55) is denied.


**SO ORDERED**, this the 15th day of October, 2009.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh